IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00320-BO-RJ

KATHY R. ALLEN,　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
ARTHUR L. ALLEN, *deceased*; *et al.*,　　)
　　　　　　　Defendants.　　　　　　　)

This matter is before the Court on plaintiff's motion for reconsideration pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure. [DE 70]. Defendant Maginnis Howard PLLC has responded in opposition and plaintiff has replied. Plaintiff has further filed a motion to supplement the record [DE 74], to which no defendant has responded, and the time for doing so has expired. In this posture, both of plaintiff's motions are ripe for disposition. For the reasons that follow, both motions are denied.

BACKGROUND

This case stems from the death of Rebecca Bowden Allen Johnson, who passed away in March 2016. Plaintiff alleges that she "expected inheritance of her mother's estate." DE 1 at 2. However, two of her siblings—Arthur L. Allen, since deceased, and Steve R. Allen—were named beneficiaries of the will, which was probated in Wake County, North Carolina. In response, Plaintiff filed a will caveat, which was unsuccessful. Plaintiff then embarked on a tour of litigation, filing multiple cases against multiple defendants, which ultimately resulted in the Wake County Superior Court enjoining her from "filing any further motion, pleading, or document related to the Matters (defined below) in Wake County Court or any other Court in North Carolina without the

prior approval of the Court." *Allen v. Allen et al.*, 18-CVS-13119 at 5 (Wake Cnty. Super. Ct.) (Feb. 17, 2020).

This action was dismissed by order entered March 31, 2025. [DE 68]. The Court granted several motions to dismiss and conducted *sua sponte* review of plaintiff's complaint, dismissing all remaining claims and defendants. *Id.* In her motion for reconsideration, plaintiff argues that the Court's order and judgment fail to acknowledge the two timelines to the complaint, are illogical and prejudicial, and that dismissal was unsupported.

## ANALYSIS

Plaintiff moves under both Rule 52 and Rule 59 of the Federal Rules of Civil Procedure. Rule 52 generally governs findings of fact and conclusions of law made by a court in an action tried without a jury, and is inapplicable here. *See* Fed. R. Civ. P. 52. A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). Reconsideration of a judgment is an extraordinary remedy, *Pac. Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), and the decision to alter or amend a judgment is committed to the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not previously available; or (3) that the court has committed a clear error of law or manifest injustice. *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

A party may not use a Rule 59(e) motion to make arguments which could have been made prior to entry of judgment or argue a novel legal theory that was previously available. *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation and citation omitted). Disagreement with the judgment is also not grounds for relief under Rule 59(e). *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir.

2

1993). Additionally, "[a] motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink' what the Court ha[s] already thought through–rightly or wrongly." *United States v. Overcash*, 3:15-cr-263-FDW-1, 2019 U.S. Dist. LEXIS 87566, at *2 (W.D.N.C. May 24, 2019) (quoting *United States v. Dickerson*, 971 F. Supp. 1023, 104 (E.D. Va. 1997)).

Plaintiff has identified no intervening change in controlling law, nor has she identified new evidence which was not previously available. Plaintiff has filed a motion to supplement the record [DE 74], but this motion merely seeks a ruling on her motion for reconsideration and plaintiff has not proffered any new evidence for the Court's consideration. Finally, plaintiff has failed to demonstrate that the Court has committed a clear error of law or any manifest injustice. Her motion merely asks the Court to reconsider what it has already considered, as she plainly disagrees with the Court's judgment. But that is not grounds for a Rule 59(e) motion. Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration [DE 70] is DENIED. Plaintiff's motion to supplement the record [DE 74] is DENIED AS MOOT.

SO ORDERED, this **17** day of March 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3